**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JEANINE SAWIN,

        Plaintiff,

v.                                               Case No. 6:15-cv-685-Orl-37GJK

AUTOMOTIVE WARRANTY SERVICES
OF FLORIDA, INC.,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. Defendant Automotive Warranty Services of Florida, Inc.'s Motion to Dismiss or Alternative Motion to Strike Plaintiff's Complaint (Doc. 9), filed May 27, 2015; and

2. Opposition to Defendant's Motion to Dismiss (Doc. 15), filed June 10, 2015.

Plaintiff brings this action to enforce the terms of an extended warranty agreement ("Warranty Agreement") she purchased when she purchased her boat (Doc. 1, ¶¶ 5–21), maintaining that the action falls within the Court's admiralty jurisdiction (*id.* ¶ 1 (citing 28 U.S.C. § 1333)). Defendant moves to dismiss the claim pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that this Court lacks subject matter jurisdiction. (Doc. 9.) Alternatively, Defendant moves to strike or dismiss the prayer for attorneys' fees. (*Id.*) Plaintiff opposes. (Doc. 15.)

For admiralty jurisdiction to exist over a maritime contract, "the subject contract must be wholly maritime in nature, or any nonmaritime elements must be either insignificant or separable." *Wilkins v. Commercial Inv. Trust Corp.,* 153 F. 3d 1273, 1276

(11th Cir. 1998). As a general guideline, "a contract for the sale of a vessel is not within federal courts' admiralty jurisdiction," *see Hatteras of Lauderdale, Inc. v. Gemini Lady*, 853 F. 2d 848, 850 (11th Cir. 1998) (citation omitted), but "[f]ederal courts have long considered actions involving maritime insurance policies to be within [their] admiralty jurisdiction," *All Underwriters v.* Weisberg, 222 F. 3d 1309, 1312 (11th Cir. 2000).

Defendant argues that Plaintiff's purchase of the Warranty Agreement was part and parcel of her purchase of the vessel, deeming it inseparable from the contract for the sale of the vessel and thus excluded from admiralty jurisdiction. (Doc. 9, pp. 4–5.) The Court disagrees. Here, the Warranty Agreement is clearly separable from the sale of the vessel as it relates to repair work on the vessel that may be required post-sale. *Cf. Faster Marine Recovery & Sales, Inc. v. M/V The Restless I*, 33 F. Supp. 2d 1333, 1335 (S.D. Fla. 1998) (concluding that repair work was not separable from the sale of the vessel when it was done *pre-sale* to advance the sale of the vessel). Accordingly, the Warranty Agreement is within the Court's admiralty jurisdiction.

Additionally, Defendant's motion to dismiss or strike Plaintiff's claim for attorneys' fees is premature. Although "the prevailing party in an admiralty case is not entitled to recover its attorneys' fees as a matter of course," the Court may award attorneys' fees to the prevailing party if "(1) they are provided by the statute governing the claim, (2) the nonprevailing party acted in bad faith in the course of the litigation, or (3) there is a contract providing for the indemnification of attorneys' fees." *Misener Marine Constr., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832, 838 (11th Cir. 2010) (citation omitted). While there may indeed be no current legal basis to claim attorneys' fees, Plaintiff's request for attorneys' fees is not "redundant, immaterial, impertinent, or scandalous," *see*

Fed. R. Civ. P. 12(f) (setting the standard for a motion to strike), and it is plausible that she may be entitled to attorneys' fees if she is prevails, *see Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007) (discussing the standard for dismissal). Thus, neither dismissal nor striking is warranted, and the Motion is due to be denied. The Court will determine the availability of fees after further development of the record.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Automotive Warranty Services of Florida, Inc.'s Motion to Dismiss or Alternative Motion to Strike Plaintiff's Complaint (Doc. 9) is **DENIED**.

2. On or before Tuesday, **September 1, 2015**, Defendant is **DIRECTED** to serve its answer to the Complaint.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 19, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record